# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ALFONSE PERCY PEW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:16-cv-00891 |
| | ) JUDGE CRENSHAW |
| **DR. CARL KELDIE, CORRECT CARE SOLUTIONS, INC., and JOHN/JANE DOES,** | ) ) ) ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Alfonso Percy Pew, a state inmate in the custody of the Pennsylvania Department of Corrections, filed a complaint in this Court under 42 U.S.C. § 1983 (Doc. No. 1) alleging that he is being deprived of necessary medical care. Presently before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") (Doc. No. 2).

### I. Denial of IFP Status and Dismissal of Action

A provision of the Prison Litigation Reform Act of 1995 ("PLRA") codified at 28 U.S.C. § 1915(g), now popularly known as the "three-strikes provision," bars any prisoner from bringing a civil action or appealing a judgment in a civil action *in forma pauperis*, that is, without prepaying the filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "Thus, under the statute, there is an exception to the three strikes rule where the prisoner alleges that he or she is under imminent danger of serious physical injury." Rittner v. Kinder, 290 F. App'x 796, 797 (6th Cir. 2008).

The Sixth Circuit has held that, to satisfy the imminent-danger exception, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (citing Rittner, 290 F. App'x at 707). Imminent dangers are "those dangers which are about to occur at any moment or are impending." Abdul–Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc) (citing Webster's II New Riverside University Dictionary 611 (1984)). Thus, the "imminent danger" exception is available "for genuine emergencies" where "time is pressing." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)).

Plaintiff here falls within the scope of 28 U.S.C. § 1915(g). As the United States District Court for the Western District of Pennsylvania has recognized:

> Alfonso Percy Pew . . . is a prodigious and prodigiously unsuccessful *pro se* litigant. Indeed, the computerized dockets of the United States Federal Courts reveal that Plaintiff has initiated over fifty (50) cases in United States District Courts and at least twenty-five (25) appeals in the United States Court of Appeals for the Third Circuit. Those dockets further reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g) . . . .

Tabansi a/k/a Pew v. Corr. Care Solutions, Inc., No. 1:15-cv-00246, 2016 U.S. Dist. LEXIS 21165, at *1 (W.D. Pa. Jan. 21, 2016) (Report and Recommendation).[1] Because Plaintiff has

---

[1] Plaintiff filed the following cases *in forma pauperis*, all of which were subsequently dismissed as frivolous: Pew v. Cox, No. 2:93-cv-4128 (E.D. Pa.) (order entered Aug. 20, 1993); Pew v. Clark, No. 2:94-cv- 4813 (E.D. Pa.) (order entered Aug. 19, 1994); and Pew v. Pavicic, No. 2:94-cv-4821 (E.D. Pa.) (order entered Aug. 19, 1994). In addition, the Third Circuit has dismissed at least three *in forma pauperis* appeals by Plaintiff as frivolous: Pew v. Cox, No. 93-2041 (3d Cir. March 31, 1994); Pew v. Casner, No. 95-7176 (3d Cir. July 31, 1995); and Pew v. Love, No. 96-7314 (3d Cir. Oct. 24, 1996).

filed more than three cases or appeals that were subsequently dismissed as frivolous,[2] he may not proceed *in forma pauperis* in this Court unless he alleges "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." Vandiver, 727 F.3d at 585 (quoting Taylor v. First Med. Mgmt., 508 F. App'x 488, 492 (6th Cir. 2012)).

Plaintiff here alleges that he was diagnosed in 2012 as having degeneration of the sacral and lumbar regions of the spine as well as bone spurs and nerve damage for which he may one day need surgery. An outside physician, Dr. Kunkle, has prescribed for Plaintiff, among other things, a "TENS Unit Electrical Stimulat[o]r." (Doc. No. 1, at 2.) Defendants have refused to comply with the doctor's order and have refused for two years to pay for a TENS Unit. Plaintiff alleges he "only can be healed by the TENS Unit," that the unit is inexpensive, and that he had such a unit prior to the prison's entering into a contract with Correct Care Solutions for the provision of medical care to state prisoners. Plaintiff states that he has been in severe pain for the past two years and is suffering daily chronic pain as a result of the denial of the TENS Unit. Plaintiff further complains about being denied "long john/thermal" underwear and an extra blanket for protection from cold air blowing from a vent in Plaintiff's cell.

In Tabansi v. Correctional Care Solutions, referenced above, Plaintiff likewise alleged that the medical staff at the institution where he is currently incarcerated refused to order treatment recommended by Dr. Kunkle, including a TENS Unit as well as two scrotal supporters, a soft back brace, and Neurontin medication for his back pain, and Therapeutic Tar and vitamin

---

[2] The Sixth Circuit has held that "dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir. 1998).

E lotion for his skin and scalp condition. Tabansi, 2016 U.S. Dist. LEXIS 21165, at *2. In his objections to the magistrate judge's Report and Recommendation, Plaintiff admitted that he had been provided with all of Dr. Kunkle's prescribed treatment and medication *except* the TENS Unit, which he claimed he still needed. See Tabansi a/k/a Pew v. Corr. Care Solutions, Inc., 2016 U.S. Dist. LEXIS 20487, at *2 (W.D. Pa. Feb. 1, 2016) (Memorandum Order adopting the magistrate judge's Report and Recommendations over Plaintiff's objections). In overruling Plaintiff's objections, the United States District Court for the Western District of Pennsylvania held that Plaintiff had not demonstrated how the absence of a TENS Unit "puts him in such imminent danger of serious physical harm so as to rise to something akin to a genuine emergency." Id. at *2–3.

Plaintiff filed his complaint in this Court less than two months later, effectively seeking a different ruling from a different court in a different jurisdiction on the exact same claim. This Court declines that invitation and likewise finds that the alleged risk of harm does not amount to a "genuine emergency" or a situation in which "time is pressing," Lewis, 279 F.3d at 531, particularly in light of the other care Plaintiff is apparently receiving for his conditions. Accordingly, the Court finds that Plaintiff's allegations fail to establish that he is in imminent danger of serious physical injury.

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is therefore **DENIED** in accordance with 28 U.S.C. § 1915(g). This action is **DISMISSED** without prejudice to Plaintiff's right to reopen it by paying in full the $400.00 filing fee, if he does so within **30 days** of entry of this Order and files along with it a motion to re-open, showing the docket number assigned to this case.

**II.     Assessment of the Filing Fee**

The Sixth Circuit has made it clear that a plaintiff remains responsible for payment of the filing fee despite a dismissal under these circumstances. See In re Alea, 286 F.3d. 378, 381 (6th Cir. 2002) ("The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full."); id. at 382 ("Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair."). Accordingly, the fee is hereby assessed, as follows:

The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's inmate trust account; or (b) 20% of the average monthly balance in Plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $400 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the Pennsylvania State Correctional Institution – Forest to ensure that the custodian of Plaintiff's

5

inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith.

    IT IS SO **ORDERED**.

    This is the final order in this action for purposes of Fed. R. Civ. P. 58.

    _____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE